# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| DEMEA LAW, ) | |
| ) | |
| PLAINTIFF, ) | |
| ) | |
| v. ) | CIVIL ACTION NO.: |
| ) | |
| SOHANNA MANAGEMENT, LLC, ) | |
| ) | JURY TRIAL REQUESTED |
| DEFENDANT. ) | |
| _____ ) | |

## COMPLAINT

NOW COMES Plaintiff, Dema Law, and hereby files this action pursuant to the Fair Labor Standards Act of 1938, 29 U.S.C. §201 *et seq.* ("FLSA"), seeking payment for unpaid wages, liquidated damages, actual damages, compensatory damages, for Defendant's violation of the FLSA. Plaintiff also brings a related state law claim for breach of contract and failure to pay wages when due. Plaintiff further seeks reasonable attorneys' fees, costs and interest pursuant to 29 U.S.C. §216(b). Plaintiff states the following as her Complaint in this matter:

**I.  JURISDICTION AND VENUE**

1.

Jurisdiction is conferred upon this Court by 29 U.S.C. §§216(b), 215(a)(3) of the Fair Labor Standards Act, by 29 U.S.C. §1331, this action arising under the laws

of the United States, and by 28 U.S.C. §1337, this action arising under an act of Congress regulating commerce.

2.

This Court has supplemental jurisdiction, pursuant to 28 U.S.C. § 1367(a), over the state law claims as these claims are so related to this action that they form part of the same case or controversy.

3.

Venue in this Court is proper pursuant to 28 U.S.C. §1391(b).

4.

Based upon Plaintiff's information and belief, Defendant, Sohanna Management, LLC, is a Limited Liability Company organized and existing under the State laws of Georgia, and has a principal place of business of 6860 Riverside Drive, Atlanta, Georgia 30328.

5.

Service of process for the Defendant can be effectuated through its registered agent, Sanjeev Kaila, 6860 Riverside Drive, Atlanta, Georgia 30328.

6.

The cause of action set forth in this Complaint arose within this jurisdiction.

## II.  PARTIES

7.

Plaintiff is an adult resident citizen of Rockdale County, Georgia.

8.

At all times relevant to this Complaint, Plaintiff was a "covered employee" as defined by 29 U.S.C. §203(e)(1).

9.

At all times relevant, Defendant employed Plaintiff to perform labor for its benefit in this District, and Defendant made employment and compensation related decisions regarding Plaintiff within this District.

10.

At all times relevant hereto, Plaintiff suffered and/or was permitted to work for the benefit of the Defendant.

11.

Defendant lists its principal office address as 6860 Riverside Drive, Atlanta, Georgia 30328.  Upon information and belief, Defendant domestic limited liability company conducting business within the State of Georgia and within this district.

12.

Defendant is a commercial real estate property management company.

13.

The Defendant is engaged in interstate commerce for purposes of the FLSA.

14.

Upon information and belief, Defendant's gross revenue is in excess of $500,000 per year.

15.

Defendant directed Plaintiff to individually engage in interstate commerce.

16.

Plaintiff, as part of her job duties, regularly engaged in interstate commerce.

17.

Defendant is an employer within the meaning of 29 U.S.C. §203(d) and are not exempt from the FLSA.

### III.   FACTUAL ALLEGATIONS

18.

Plaintiff is an adult resident of the State of Georgia.  Plaintiff was first employed by the Defendant from November 28, 2020 through January 19, 2021 as a Property Manager.

19.

Plaintiff was employed in a position that involved interstate commerce as defined by the FLSA and/or was employed in an enterprise that engaged in interstate commerce.

20.

Upon information and belief, Defendant classified Plaintiff as a fulltime exempt employee, compensating her on a hour basis at a rate of $45,000 per annum.

21.

In her position, Plaintiff was generally responsible for general administrative tasks in the Defendant's office and in doing so specifically utilized the instrumentalities of interstate commerce such as the internet and telephone.

22.

Plaintiff was never provided any opportunity to exercise discretion and to make independent judgment, rather for each and every decision she could have made, she was required to get approval from her manager.

23.

During times relevant, Plaintiff worked in excess of forty (40) hours per week, and reported her hours worked to the Defendant.

24.

Despite reporting her hours, the Defendant paid Plaintiff only at the straight time rate and failed to pay the overtime premium.

25.

During times relevant, Plaintiff did not spend more than half of her time performing exempt tasks.

26.

Defendant has willfully failed to comply with the provisions of the FLSA, 29 U.S.C. §207, specifically, by failing to pay Plaintiff for the hours suffered on the regular paydays.

27.

Defendant has willfully failed to comply with the provisions of the FLSA, 29 U.S.C. §207, specifically, by failing to pay Plaintiff for all hours worked.

28.

Defendant has failed to keep accurate time records for the Plaintiff in conformity with the FLSA.

29.

Defendant failed to properly post the Department of Labor wage and hour notices in conspicuous places as required by 29 C.F.R. §516.4.

30.

Defendant knowingly, intentionally, willfully and recklessly failed to pay the Plaintiff in conformity with the requirements of the FLSA.

31.

Upon information and belief, for at least three (3) years prior to the filing of this Complaint, Defendant have had a uniform policy and practice of consistently failing or refusing to fully compensate its employees for all time worked, including not receiving the straight time wages and overtime premium wages.

32.

For at least three (3) years, Defendant has been aware of the requirements of the FLSA, the Department of Labor's regulations, and their own violations of the FLSA. Despite this knowledge, Defendant failed to pay Plaintiff the amount of pay as required by law.

33.

Upon information and belief, Defendant has negligently, intentionally and repeatedly failed to pay minimum wages and wages when due.

34.

As a result of the Defendant's violation of the FLSA, Plaintiff has suffered damages by failing to receive compensation due in accordance with the FLSA.

35.

Plaintiff is entitled to the amount of unpaid wages and is also entitled to recover an additional equal amount as liquidated damages pursuant to the FLSA and prejudgment interest.

36.

Defendant has not made a good faith effort to comply with the FLSA.

37.

Plaintiff is entitled to an award of attorneys' fees under the FLSA.

38.

Plaintiff has no plain, adequate or complete remedy to redress the allegation contained herein and this suit for lost wages, back-pay, and declaratory judgment and injunctive relief is the only avenue to secure adequate relief.

**IV.  COUNT ONE: CLAIMS FOR VIOLATIONS OF THE FLSA - FAILURE TO PAY WAGES**

39.

Plaintiff incorporate by reference paragraphs 1 – 38 as if full set forth herein.

40.

Plaintiff was misclassified as an exempt employee of the Defendant and is entitled to be paid for all hours worked.

41.

The Defendant has willfully failed to compensate Plaintiff for all hours suffered during her employment, including paying Plaintiff her wages (including those overtime wages) on their regular paydays.

42.

Defendant, by such failure, has willfully violated the wage provisions of the FLSA.

43.

Defendant through such misclassification and failure to pay wages and minimum wages on time is an unlawful act under the FLSA and have willfully violated the provisions of the FLSA.

**WHEREFORE**, Plaintiff prays that this Honorable Court enter judgment in favor for:

A. Payment of all wages Plaintiff should have received under the FLSA, but for Defendant's willful violation;

B. Payment of an equal amount of liquidated damages and interest pursuant to the FLSA;

C. Such other legal and equitable relief including but not limited to, any injunctive and/or declaratory relief, to which they may be entitled; and

D. All reasonable costs and attorneys' fees pursuant to the FLSA.

## V. COUNT TWO: RETALIATION CLAIMS PURSUANT TO 29 U.S.C. §215(a)(3).

44.

Plaintiff incorporates by reference paragraphs 1 – 43 as if fully set forth herein.

45.

During the course of Plaintiff's employment with Defendant, Plaintiff made several oral complaints to the Defendant regarding the amount of her pay.

46.

Oral complaints to an employer regarding wages and other provisions under the FLSA constitute protected active pursuant to the FLSA.

47.

Within a short proximity of time of Plaintiff each engaging in protected activity, Plaintiff was subjected to specific acts of retaliation that culminated in her termination.

48.

Plaintiff was subjected to retaliation, where other similarly situated employees, who had not engaged in protected activity pursuant to the FLSA, were not subjected to similar actions by the Defendant. Thus Plaintiff was subjected to disparate treatment.

49.

Pursuant to 29 U.S.C. §215(a)(3), Defendant is prohibited from discriminating against Plaintiff for engaging in protective activity pursuant to the FLSA.

50.

Plaintiff has suffered and continues to suffer grave and sever mental anguish and emotional distress, loss of wages, loss of pay and other actual damages on account of the Defendant's actions.

**WHEREFORE**, Plaintiff prays that this Honorable Court enter judgment in favor for:

    A.    Actual damages, including reimbursement for lost wages and back pay;

    B.    Future wages for loss of income;

    C.    Prejudgment and Post Judgment interests;

    D.    Liquidated damages pursuant to 29 U.S.C. 216 (b);

  E. Compensatory damages including mental anguish and emotional distress;

  F. Such other legal and equitable relief including but not limited to, any injunctive and/or declaratory relief, to which they may be entitled; and

  G. All reasonable costs and attorneys' fees pursuant to the FLSA.

## VI. COUNT THREE: BREACH OF CONTRACT CLAIMS.

### 51.

Plaintiff incorporates by reference paragraphs 1 – 50 as if fully set forth herein.

### 52.

Plaintiff and Defendant entered into a binding written contract regarding Plaintiff's employment that being the Offer Letter ("Agreement").

### 53.

The Agreement provided that the Defendant would pay Plaintiff at the rate of $48,000 per annum.

### 54.

The Defendant elected only to compensate Plaintiff at the rate of $45,000 per annum, without notice and without amending or modifying the Agreement.

55.

Plaintiff provided the Defendant with legal consideration pursuant to the Agreement.

56.

Plaintiff complied with all conditions precedent and other requirements of the Agreement.

57.

The Defendant breached Plaintiff's Agreement by failing to pay Plaintiff for the agreed upon rate.

58.

As a result of Defendant's breach, Plaintiff is entitled to damages.

59.

Defendant has been stubbornly litigious and has caused the Plaintiff unnecessary trouble and expense so as to allow the Plaintiff to recover their reasonable attorney's fees and expenses incurred in bringing this action pursuant to O.C.G.A. §13-6-11.

60.

Plaintiff is entitled to interest on any sums recovered on account of a breach of contract until the recovery pursuant to O.C.G.A. §§7-4-2; 13-6-11; 13-6-13.

**WHEREFORE**, Plaintiff prays that this Honorable Court enter judgment in favor for:

A. Damages for Breach of Contract, interest as provided by law and such other and further relief as this court deems just and proper;

B. Pre-judgment interest pursuant to O.C.G.A. §§7-4-2;

C. Such other legal and equitable relief including but not limited to, any injunctive and/or declaratory relief, to which they may be entitled; and

D. All reasonable costs and attorneys' fees pursuant to O.C.G.A. §13-6-11.

Respectfully submitted, this 23rd day of June, 2021.

*Attorneys for Plaintiff*

**MARTIN | DEMELFI, LLC**

/s/ Nicholas P. Martin
Nicholas P. Martin, Esq.
Georgia Bar No. 168722
nmartin@martin-demelfi.com
Frank DeMelfi, Esq.
Georgia Bar No. 320128
fdemelfi@martin-demelfi.com
1742 Mount Vernon Road
Suite 300
Dunwoody, Georgia 30338
Phone: (770) 450-6155

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | |
|---|---|
| DEMEA LAW, ) | |
| ) | |
| PLAINTIFF, ) | |
| ) | |
| v. ) | CIVIL ACTION NO.: |
| ) | |
| SOHANNA MANAGEMENT, LLC, ) | |
| ) | JURY TRIAL REQUESTED |
| DEFENDANT. ) | |
| _____ ) | |

## **CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 7.1D**

The undersigned certifies that the foregoing **COMPLAINT** has been prepared using 14-point Times New Roman font in compliance with Local Rule 5.1(C).

Respectfully submitted.

**MARTIN | DEMELFI, LLC**

/s/ *Nicholas P. Martin*
Nicholas P. Martin, Esq.
Georgia Bar No. 168722
nmartin@martin-demelfi.com